FARMER, Judge.
In this appeal from a final judgment of dissolution of marriage, we conclude that the alimony award is in error and remand for reconsideration of the amount.
Although the Wife sought alimony of $1,900 per month,[1] the trial court awarded $2,500 per month. At the same time, the court ordered Husband to pay $325 monthly (approximately) on the parties’ joint debts, and child support of $483 per month. With other payments ordered by the court, Husband’s total monthly court-ordered obligation is not less than $3,819 and actually contemplates more by way of insurance premiums and car payments of indeterminate amount. His net monthly income after taxes and social security is $5,045. Her net monthly income before alimony and child support is $871. As to property, the parties agreed that she was to receive the marital home with a value of $350,000 encumbered by a mortgage of $130,000 (hence, equity of more than $200,000), while he received his federal pension of unknown value. In other words, the property she received has some liquid value attached to it; his does not.
Because of the court’s division of debt and the obligations imposed on the Husband, he has been left with little to meet his daily needs. In this kind of situation, we wonder why, if the trial court felt that the amount of alimony was necessary, the judge did not simply abate part of the alimony until after the child support terminates some one year hence, or consider reducing the amount temporarily, to be revisited when child support terminates. In either event, we think that the trial court has simply applied an erroneous legal principle in so disproportionately redistributing the parties’ income and debt. We reverse so that the trial court can consider the matter anew with some of the above suggestions in mind.
REVERSED.
GLICKSTEIN, C.J., and WARNER, J„ concur.

. Wife also requested child support of $840 per month, along with other monetary relief.